UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KEITH E. MITCHELL, <br><br> Defendant. | Case No. CR92-1317 FDB (JET) <br><br> ORDER DENYING DEFENDANT'S MOTION FOR RE-SENTENCING |

This matter comes before the Court upon Defendant Keith Mitchell's Motion for re-sentencing pursuant to 18 U.S.C. § 3582(c) and the United States Sentencing Commission's Amendment No. 706. This amendment generally reduces by two levels the base offense levels applicable to crack cocaine offenses. The amendment became retroactive effective March 3, 2008. The government has filed a response asserting that the motion should be denied because the two-level reduction does not apply to Defendant's sentence.

The parties are in agreement as to the following facts: In 1993, Defendant Mitchell plead guilty to seven counts of the Superceding Indictment charging him with conspiracy to distribute cocaine base and possession with intent to distribute cocaine base. Defendant was originally

ORDER - 1

sentenced on August 13, 1993.  Following an appeal, he was re-sentenced on August 28, 1997. Defendant's adjusted offense level was 37 and his criminal history score II.  The corresponding sentencing range was 235 to 293 months.  The Court imposed the low end of the range, sentencing Mitchell to 235 months.

Defendant now seeks a reduction of his sentence based on a two-level reduction. Defendant asserts he is entitled to a recalculated offense level of 35 and corresponding sentence range of 188 to 235 months.  Defendant also seeks application of the 18 U.S.C. 3553(a) factors in considering an appropriate sentence and a sentencing hearing.

Jurisdiction to grant a sentence reduction is found in 18 U.S.C. 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The language of § 3582(c)(2) provides the Court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered.  The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  While Amendment No. 706 generally provides for a 2-level reduction in an offense level, the Amendment also provides that this reduction "shall not apply in a case in which the offense involved 4.5 kg or more [cocaine base]." U.S.S.G. §2D1.1.  The Defendant's base level remains at 37 because his offense involved over 4.5 kilograms of cocaine base.  Accordingly, Defendant is not entitled to a two-level reduction and his sentencing range remains unaffected by Amendment 706.

Defendant nonetheless argues that he is entitled to have his sentence reconsidered pursuant to the § 3553(a) criteria.  This contention is without merit.  It is only when the district court reconsiders

ORDER - 2

1  the sentence pursuant to 18 U.S.C. § 3582(c)(2), a proceeding that occurs only because the
2  Sentencing Commission lowered the applicable sentencing range, that the district court then has the
3  discretion to impose a non-Guidelines sentence pursuant to consideration of the § 3553(a) factors.
4  See, United States v. Hicks, 472 F.3d 1167. 1171 (9th Cir. 2007); United States v. Townsend, 98
5  F.3d 510, 513 (9th 1996).  Pursuant to Amendment 706, Defendant Mitchell does not receive any
6  reduction in his sentencing range   Mitchell has not met the initial criteria for a reduction in sentence.
7  Thus, there can be no consideration of the § 3553(a) criteria.  Simply put, Mitchell has not "been
8  sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered
9  by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  There being no reduction in the
10 sentencing range applicable to Defendant, the Court lacks authority to consider re-sentencing.  This
11 necessarily includes the lack of authority to consider the § 3553(a) factors and whether Defendant
12 could be re-sentenced outside the guidelines.

13 　　　　The request for a sentencing hearing is also denied.  As addressed above, the Court lacks
14 jurisdiction to re-sentence Mitchell.  Thus, there are necessarily no factors reasonably in dispute that
15 are important to the sentencing determination.

16 　　　　ACCORDINGLY;
17 　　　　IT IS ORDERED:
18 　　　　Defendant Keith E. Mitchell's Motion for Re-Sentencing [Dkt. #353] is **DENIED**.
19
20 　　　　DATED this 19th day of June, 2008.
21
22
23 　　　　　　　　　　　　　　　　　　FRANKLIN D. BURGESS
24 　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
25
26 ORDER - 3